UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA M. BELLOMY,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C17-5859-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Tina M. Bellomy seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ's residual functional capacity finding is erroneous because neither the objective medical evidence nor any medical opinion provides substantial evidence to support it. Dkt. 8. The **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Ms. Bellomy is currently 45 years old, has completed an associate's degree, and has worked as a bookkeeper, credit clerk, data entry clerk, cashier, and gambling dealer. Tr. 55, 85, 220. She applied for benefits in July 2013, alleging disability as of April 2013. Tr. 220, 227. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on September 23, 2016, issued a decision finding Ms. Bellomy not disabled. Tr. 20-34. The

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 1

Appeals Council denied Ms. Bellomy's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found that Ms. Bellomy had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: degenerative joint disease of the knees, right patella femoral osteoarthritis, osteoarthritis and degenerative joint disease of the shoulders, back disorder, asthma, diabetes mellitus, varicose veins, seizures and headache, and obesity; and that these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 22-23. The ALJ found that Ms. Bellomy had the residual functional capacity to perform light work except as follows: she could stand and or walk about 6 hours in an 8-hour workday; she could push and pull frequently; she could climb ramps and stairs and stoop frequently; she could never climb ladders, ropes, or scaffolds; she could occasionally kneel, crouch, or crawl; she could frequently reach overhead bilaterally; she could tolerate occasional exposure to excessive vibration, atmospherics, and hazards; and she could tolerate no exposure to unprotected heights. Tr. 24. The ALJ found that Ms. Bellomy was capable of performing her past work as a bookkeeper, credit clerk, data entry clerk, and cashier as those jobs are performed in the national economy. Tr. 33. The ALJ found that she was therefore not disabled. Tr. 33-34.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

# DISCUSSION

## A. Objective medical evidence

Ms. Bellomy asserts that certain objective medical evidence is inconsistent with the ALJ's RFC assessment; she details various imaging, testing, and physical examination results related to her knees, lungs, right shoulder, and low back. Dkt. 8 at 3-5. For each of these impairments, Ms. Bellomy asserts that the findings she lists are inconsistent with some aspect of the ALJ's RFC finding. She concludes, "Consequently, the objective medical evidence concerning Bellomy's knees, lungs, shoulder, or low back does not constitute objective medical evidence in support of the ALJ's RFC finding." Dkt. 8 at 5.

Ms. Bellomy does not offer any explanation as to how the evidence she identifies undermines the ALJ's RFC finding. She merely presents the evidence and makes a conclusory statement that it is inconsistent with the RFC finding. To the extent Ms. Bellomy has identified conflicts in the evidence, it is the ALJ, not this Court, who resolves such conflicts. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). And to the extent Ms. Bellomy seeks an interpretation of the evidence that is different from the ALJ's, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Id*. Ms. Bellomy has not shown that the ALJ's interpretation of the evidence was not rational. She simply invites the Court to come to a different conclusion about the meaning of the evidence than ALJ did. This the Court cannot do. Ms. Bellomy has not shown an error in the ALJ's analysis of the objective medical evidence or that the objective medical evidence does not support the ALJ's RFC finding.

**B.     Medical opinions**

Ms. Bellomy asserts that there are no medical opinions that are consistent with or support the ALJ's RFC finding, such that no medical opinion provides substantial evidence to support the RFC finding. Dkt. 8 at 5.

*1.     Dr. Ignacio*

Olegario Ignacio, M.D., reviewed the evidence in November 2013 and opined that Ms. Bellomy could perform a reduced range of light work, including a limitation to standing or walking for 4 hours in an 8-hour workday. Tr. 145. The ALJ gave Dr. Ignacio's opinion significant weight, finding that it was consistent with the evidence available at the time of his review, but the ALJ stated he considered the additional evidence submitted after that time in assessing a more restrictive RFC in the alternative as addressed in the step four finding. Tr. 33.

Ms. Bellomy argues that the ALJ's RFC finding, which limits Ms. Bellomy to standing or walking for 6 hours in an 8-hour workday, directly conflicts with Dr. Ignacio's opinion that she could stand or walk for only 4 hours in an 8-hour workday. Dkt. 8 at 5. The Commissioner points to the ALJ's alternative finding that even assuming a more restrictive RFC, including a limitation to standing or walking 4-hours in an 8-hour workday, Ms. Bellomy would still be able to perform her past work and other jobs in the economy. Dkt. 9 at 3.

At the hearing, the ALJ posed several alternative hypotheticals to the vocational expert, including one with a limitation to standing and walking up to 4 hours in an 8-hour workday. Tr. 86-87. The VE testified that a person with that limitation could perform Ms. Bellomy's past work as a bookkeeper, credit clerk, and data entry clerk as generally performed, and the job of cashier with a reduction in the number of available jobs to 115,000 sedentary jobs in the national economy, but would not be able to perform the job of gambling dealer. Tr. 87. The ALJ

discussed this testimony in finding that even assuming a more restrictive RFC than the ALJ found, including a limitation to standing and walking up to 4 hours in an 8-hour workday, Ms. Bellomy would still be able to perform her past work. Tr. 34.

An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). The VE's testimony about the more restrictive standing and walking limitations Dr. Ignacio opined provided substantial evidence to support the ALJ's alternative finding that Ms. Bellomy could still perform her past work even if she were limited to standing and walking for 4 hours out of an 8-hour workday. The ALJ's step four finding of nondisability would not have changed if he had adopted Dr. Ignacio's standing and walking limitations. Any error in the ALJ's analysis of Dr. Ignacio's opinion was harmless.

*2. Dr. Manoso*

Mark Manoso, M.D., examined Ms. Bellomy in February 2015 and opined that she was "capable of working full time in a sedentary occupation" with a greater-than-sedentary capacity for lifting up to 40 pounds and pushing/pulling up to 50 pounds. Tr. 632. The ALJ gave some weight to the opinion, finding that the evidence supported a capacity for lifting and carrying 20 pounds occasionally and 10 pounds frequently. Tr. 33.

Ms. Bellomy argues that Dr. Manoso's opinion that Ms. Bellomy could perform sedentary work is inconsistent with the ALJ's finding that she could perform light work and thus does not provide substantial evidence to support the ALJ's RFC finding. Dkt. 8 at 5-6. But the VE identified Ms. Bellomy's past work as a bookkeeper, credit clerk, and data entry clerk as sedentary occupations. Tr. 85. Thus, even if the ALJ had adopted Dr. Manoso's opinion that Ms. Bellomy was capable of performing sedentary work, the ALJ's step four finding that Ms.

Bellomy was able to perform her past work would not have changed. Because the ALJ's ultimate decision would not change even if he had adopted Dr. Manoso's opinion, any error here is harmless. *Molina*, 674 F.3d at 1122.

   3.   *Dr. Kung*

Treating doctor Peter Kung, M.D., who performed a left knee ACL reconstruction in August 2014, conducted a postoperative examination in September 2015 and stated that Ms. Bellomy was "allowed to do desk work now." Tr. 609. The ALJ did not address this opinion separately, but noted it in his review of the objective medical evidence. Tr. 29.

Ms. Bellomy argues that this opinion is inconsistent with the ALJ's RFC finding, which calls for standing or walking for 6 hours per day. Dkt. 8 at 6. Dr. Kung does not define what he means by "desk work," but assuming he meant sedentary work, the outcome of this argument is the same as with Dr. Manoso's opinion: the VE testified that Ms. Bellomy's past work as a bookkeeper, credit clerk, and data entry clerk was sedentary, and Dr. Kung's opinion does not undermine the ALJ's finding that she could perform her past work. As the ALJ's ultimate decision would not change even if he had adopted Dr. Manoso's opinion, any error here is harmless. *Molina*, 674 F.3d at 1122.

   4.   *Harmful error*

Ms. Bellomy argues that the ALJ erred in relying on his RFC determination to find her not disabled at step four. Dkt. 8 at 6. But Ms. Bellomy's argument is based on the errors she asserts the ALJ made in evaluating the objective medical evidence and the opinion evidence in formulating the RFC finding. The Court has rejected these alleged errors and thus also rejects them as the basis for a finding error in the ALJ's step four finding of nondisability.

Ms. Bellomy also asserts that the VE testified that Ms. Bellomy's past work was precluded by reaching limitations, demonstrating prejudice in the ALJ's reliance on his RFC finding to find her not disabled. Dkt. 8 at 6. The Commissioner asserts that the testimony Ms. Bellomy identifies does not show that reaching limitations preclude her past work. Dkt. 9 at 4-5.

The ALJ's RFC finding included a limitation to frequent overhead reaching bilaterally. Tr. 24. The ALJ also proposed an alternative hypothetical to include a limitation to occasional reaching overhead bilaterally and frequent reaching in all other directions. Tr. 34. In response to the alternative hypothetical, the VE testified that the Dictionary of Occupational Titles does not "discuss overhead reaching, as opposed to simply reaching," but based on her experience, overhead reaching in the jobs that constituted Ms. Bellomy's past work would be "minimal if ever," and this reaching limitation would not preclude the jobs. Tr. 89. Plaintiff's counsel later asked the VE about handling and fingering requirements for Ms. Bellomy's past work, and the VE testified that reaching and handling are frequent for bookkeeper, credit clerk, data entry clerk, and cashier. Tr. 92.

The VE's testimony about reaching was consistent with both the ALJ's RFC finding limiting Ms. Bellomy to frequent overhead reaching bilaterally and the alternative hypothetical limiting her to occasional reaching overhead bilaterally. Tr. 24. This testimony does not demonstrate harmful error in the ALJ's decision.

Finally, Ms. Bellomy asserts in her reply that the ALJ's statement that she could perform "her past work and other jobs in the economy" was insufficient to support the ALJ's finding of nondisability because the ALJ made no alternative findings of fact related to "other jobs." Dkt. 10 at 2-3. Ms. Bellomy points to the VE's testimony that although the job of cashier is classified as light work, about ten percent of cashiering jobs in the national economy, or about 115,000

jobs, are performed as sedentary work. Tr. 87, 90. But the ALJ's finding that Ms. Bellomy could perform her past work as a bookkeeper, credit clerk, and data entry clerk as generally performed in the national economy make any reliance on the reduced numbers of sedentary cashiering jobs as unnecessary to the finding. The ALJ's reference to "other jobs in the economy" does not undermine the validity of his step four finding of nondisability.

## CONCLUSION

Because the ALJ's decision was supported by substantial evidence and free of harmful legal error, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 22nd day of March, 2018.

*/s/ BT*

BRIAN A. TSUCHIDA
United States Magistrate Judge